THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-300-GCM

| | |
|---|---|
| DAVID MICHAEL RICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| UNITED TOWING, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration, (Doc. No. 5).

Pro se Plaintiff David Rice, a resident of Charlotte, North Carolina, filed this action on a form used for actions brought pursuant to 42 U.S.C. § 1983, naming as the sole Defendant United Towing, Inc., which Plaintiff identified as a towing company in Charlotte, North Carolina. In the Complaint, Plaintiff alleged that, on some unspecified date, Defendant "towed my vehicle from the parking lot. I had a parking permit." (Doc. No. 1 at 3). Plaintiff further alleged that Defendant "tried to sale [sic] the vehicle, obtain a lien (invalid) based on repairs, towing, storage fees." (Id.). Plaintiff sought to bring claims against Defendant for "illegal search and seizure, illegal tow, false mechanic lien, excessive fines, submitting false, misleading information to DMV," "misrepresentation of material fact," and "illegal mechanic lien." (Id. at 2-3).

In an Order dated June 9, 2014, on an initial review under 28 U.S.C. § 1915, this Court dismissed all of Plaintiff's claims, concluding that, as a private actor, Defendant cannot be sued

1

under Section 1983. (Doc. No. 3). The Court expressly dismissed Plaintiff's claims without prejudice to Plaintiff to bring his claims in state court.

On June 26, 2014, Plaintiff filed the pending motion for reconsideration, which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Plaintiff merely contends in the motion for reconsideration that he intended to bring

additional claims against Defendant under the First Amendment to the U.S. Constitution, the federal Securities and Exchange Commission Act of 1934, and the federal Fair Debt Collections Act. Aside from the fact that the Court cannot conceive how any of these claims could possibly arise from having one's car towed by a private towing company, Plaintiff has not presented any meritorious grounds for this Court to alter or amend its prior judgment.[1] Thus, the Court will deny Plaintiff's motion for reconsideration.

  Finally, the Court notes that Plaintiff is also seeking to have the Court reconsider its prior order denying in forma pauperis status to Plaintiff. As the Court noted in its prior order denying in forma pauperis status, Plaintiff's financial affidavit dated June 6, 2014, which he signed under penalty of perjury, stated that he receives $8250.00 in monthly income in the form of $8000.00 in retirement benefits and $250.00 from public assistance, that his spouse receives $736.00 in monthly income, and that Plaintiff's monthly expenses total $1061.00. (Doc. No. 2). Plaintiff has now submitted another financial affidavit, dated June 13, 2014, which he has also signed under penalty of perjury, stating that he receives $751.00 in monthly income in the form of retirement benefits and public assistance, and he further reports $1013.00 in monthly expenses. See (Doc. No. 5-1). Plaintiff has reported no income or expenses by a spouse. Plaintiff provides no explanation as to why the financial affidavits show such vastly different figures, particularly regarding his monthly income. Plaintiff shall, therefore, within ten days of this Order, explain to the Court the reason for the discrepancy.

  **IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 5), is **DENIED**.

---

[1] Not every slight or wrong done to a person in this country is a federal case. The federal courts are courts of limited jurisdiction, and the North Carolina courts are more than capable of handling actions such as this one.

**IT IS FURTHER ORDERED** that, within ten days of service of this Order, Plaintiff shall submit to this Court a brief explanation as to why his two financial affidavits, both of which he signed <u>under penalty of perjury</u>, set forth different figures as to his financial status.

Signed: July 1, 2014

Graham C. Mullen
United States District Judge